FILED
SUPERIOR COURT
OF GUAM

2020 MAY 11 PM 1:36

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DONNA HOPE BLAS CARTWRIGHT, | Domestic Case No. DM0597-19 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | Defendant's Motion to Dismiss |
| BRETT KENNETH CARTWRIGHT, | and Motion for Leave |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 16, 2020 for a hearing upon Defendant's Motion to Dismiss. Mot. Dismiss (Nov. 25, 2019). In addition, Defendant filed a subsequent Motion for Leave to Supplement Reply, seeking to support his initial Motion to Dismiss. Mot. Leave (Feb. 3, 2020). Defendant **Brett Kenneth Cartwright** is represented by Attorney Daniel J. Berman of Berman O'Connor & Mann. Plaintiff **Donna Hope Blas Cartwright** is represented by Nicole G. Cruz of Arriola Law Firm. Upon review of the parties' pleadings, oral arguments and legal authorities presented, the Court hereby **GRANTS** Defendant Brett Kenneth Cartwright's Motion for Leave **AND** Motion to Dismiss.

## BACKGROUND

On May 8, 2004, Brett and Donna married in the territory of Guam and have since been regarded as husband and wife. Compl. at ¶ 4 (Oct. 22, 2019). Fifteen years thereafter, the parties separated on January 25, 2019. Id. The parties have two children together: Sarah Hope Cartwright

(DOB: 12/13/2004) and Joshua Brett Cartwright (DOB: 07/11/2007). Id. The children are current residents of North Carolina, but have previously resided in Virginia and South Carolina. Id. at ¶ 5(a). Brett Decl. at ¶¶ 8-9 (Dec. 12, 2019). Presently in North Carolina, Brett has physical custody over both minor children, whom were left with him when Donna departed to Guam on October 13, 2019. Id. at ¶¶ 5, 9-10. Notwithstanding, Donna endeavors to relocate the children to Guam, intending the territory to be their eventual state of residence. Compl. at ¶ 5(e). Since arriving in Guam on October 15, 2019, Donna claims to have begun establishing herself as a permanent resident of the territory. Donna Decl. ¶¶ 10-11 (Dec. 27, 2019).

On October 22, 2019, Donna filed a Complaint for Divorce, Child Custody and Support with the Superior Court of Guam, citing irreconcilable differences as grounds for divorce. Id. at ¶¶ 6-7. Donna alleges that during the course of their marriage, Brett inflicted grievous mental suffering upon her by means of physical and mental cruelty. Id. at ¶ 7. Contrarily, Brett maintains that from July 2019 to October 2019, the parties had spent many intimate moments together which led him to believe permanent reconciliation with Donna was possible. Brett Decl. at ¶ 12. However, on November 14, 2019, Brett filed a complaint for dissolution of marriage with the Harnett County Courthouse in North Carolina. Id. at ¶ 14. Brett's Compl., Ex. 7 (Nov. 14, 2019). His divorce complaint also addressed– inter alia– child custody and child support. Id. Accordingly, Brett filed a Motion to Dismiss against Donna's Complaint on November 25, 2019. Mot. Dismiss. Donna filed her Opposition on December 27, 2019, to which Brett replied. Opp'n Dismiss (Dec. 27, 2019). Reply Dismiss (Jan. 10, 2020). The Court heard oral arguments for Brett's Motion to Dismiss on January 16, 2020, duly taking the matter under advisement. However, on February 3, 2020, Brett filed a Motion for Leave to supplement his Reply with newly discovered information concerning Donna's status as a permanent resident of Guam. Donna filed an Opposition to the Motion for Leave, but no oral arguments were held. Opp'n Leave (Feb. 24, 2020). The Court now issues this Decision and Order **GRANTING** Brett's Motion for Leave and Motion to Dismiss for the reasons stated below.

/

/

## DISCUSSION

### A. Brett's Motion for Leave Should be Granted as It Disputes a Dispositive Issue.

In the interest of judicial economy and convenience, courts are given broad discretion in allowing leave for supplemental pleadings. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988); see Fed. R. Civ. P. ("FRCP") 15, advisory committee's note.[1] The local statute which governs amended and supplemental pleadings reads in part:

> **(d) Supplemental Pleading.** Upon motion of a party, the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.
> /

GRCP 15(d). Motions for supplemental pleadings are generally favored due to its utility in promoting "efficient administration of justice." Lujan v. Calvo Fisher & Jacob LLP, 2018 Guam 27 ¶ 11 (citing New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963). Thus, absent a particular reason to disallow leave, courts ought to grant a pleading party's motion for leave when judicially practicable. Lujan, 2018 Guam 27 ¶¶ 11-12. See M Electric Corp., 2016 Guam 35 ¶ 42 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).[2]

Along with the provisions in GRCP 15, the decision to allow a party leave is weighed on the futility of the proposed amendment or supplement in totality of the circumstances, to wit: a court will deny amendments or supplements it deems futile. Lujan, 2018 Guam 27 ¶ 12 (citing United States ex. rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 7 (1st Cir. 2015). To determine futility, "a court must analyze the proposed amendment [or supplement] as if it were before the court on a motion to dismiss." Lujan, 2018 Guam 27 ¶ 13 (citations omitted). "[T]he court must accept as true all well-pleaded factual allegations, and view them in the light most favorable to the pleading party." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9.

### i. Brett's proposed supplements which dispute Donna's residency would not be futile.

Brett requests leave from the Court in order to supplement his Reply with recently discovered facts that concern Donna's residence on Guam. Mot. Leave. His Motion for Leave arises from

---

[1] Guam Supreme Court affirms that federal interpretation of FRCP 15 is persuasive when interpreting Guam Rules of Civil Procedure ("GRCP") 15. M. Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp., 2016 Guam 35 ¶ 40.
[2] M Electric Corp. used the 'abuse of discretion' standard in its ruling on the motion for leave. 2016 Guam 35 ¶ 42.

Donna's Complaint for divorce which she filed on Guam on October 22, 2019. Guam law declares divorces that are filed on Guam may be granted when it complies with the following provision:

> **§ 8318. Residence of Parties.** (a) A divorce or dissolution of marriage may be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage. For purposes of this Section, a person shall be deemed a resident . . . if one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage. Physical presence by one of the parties in Guam for a period of ninety (90) days prior to filing of the action for divorce or dissolution of marriage shall give rise to a conclusive presumption of compliance with this Section.

19 Guam Code Ann. ("GCA") § 8318 (2005).[3] Here, the Complaint alleges Donna "is and will be a resident of the Territory of Guam for more than ninety (90) days last past prior to the filing of the Complaint or entry of divorce herein." Compl. at ¶ 3. Donna submits a government authenticated memorandum verifying her Guam residence and a signed lease agreement as proof of her assertion. Ex. A, Mayor's Verification (Nov. 26, 2019); Ex. B, Lease Agreement (Nov. 7, 2019). Donna avers she "is a resident of Guam since October 2019" and intends to continue her residence on a permanent and indefinite basis.[4] Opp'n Leave at 1; Opp'n Dismiss at 2.

The Court disagrees. Despite her claims, Brett's proposed supplement would not futile as it attacks a fundamental and dispositive issue of divorce: residency. "Residency must be pled and proved in all divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a). There is no legal presumption that grants Guam courts automatic jurisdiction over all divorces filed in its dominion. Id. Instead, all actions for divorce or dissolution of marriage require courts to make findings as to any party's legal residence, and this must be provable upon fact. Id.

Brett's recent discoveries, in addition to the Court's findings, casts doubt on whether Donna is a *bona fide* resident of Guam for the purpose of bringing domestic disputes. In order to support his allegation, Brett seeks to supplement his Reply with the investigative findings of David J. Sablan. Sablan is a retired Guam Police Department detective who attempted to serve a complaint and summons upon Donna at the address listed as her residence. Mot. Leave at 1; Sablan Decl. at ¶¶ 3-4

---

[3] The following is inapplicable and omitted for brevity: "if one (1) of the parties has been assigned with the U.S. Military to a unit on Guam or a ship home-ported in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage or." 19 GCA § 8318.
[4] "I intend to be a resident of Guam permanently, as I have begun establishing our day to day necessities, which is also in preparation for the children." Donna Decl. at ¶ 11 (Dec. 27).

(Feb. 3, 2020). In his sworn declaration, Sablan testified his investigation of Donna's residence on December 29, 2019 and January 9, 2020 revealed her purported landlord, Mark Williams, neither knows Donna personally or as a tenant. Sablan Decl. at ¶¶ 5-8. Donna claims residence by virtue of her lease agreement which was executed and signed by Williams, the same individual Sablan spoke to and knows personally. Id. at ¶ 6-8. See Ex. B. Despite the conflicting evidence, when viewed in the light most favorable to Brett, Sablan's findings directly contradict Donna's assertions of residence.[5] This, in turn, goes against a finding that Donna is a resident of Guam as it illustrates that her factual allegations are not sufficiently pled and proven as required by Section 8319.

Even if the Court were to find Brett's allegations insufficiently pled and proven, the Court would still find it has no jurisdiction to grant Donna a divorce because she is not a resident of Guam. Donna asserts to have begun establishing residence on Guam since October 2019, which corresponds to her arrival to Guam on October 15, 2019. Donna Decl. at ¶ 3 (Feb. 24, 2020). Donna then files her Complaint for Divorce with the Superior Court of Guam on October 22, 2019, approximately one week after her arrival. Compl. at 1. Thus, a simple review of the record demonstrates Donna has patently failed to satisfy the ninety-day residency requirement needed divorces on Guam.[6] Not only does this finding support Brett's Motion for Leave, it strongly supports his initial Motion to Dismiss. Brett's proposed supplement suggests Donna has not sufficiently pled and proven her claim of residency, thus including Brett's findings would further develop the record. Here, the Court finds Brett's Motion for Leave is not futile as there are adequate grounds to challenge Donna's resident status for the purpose of divorce. As doubt surrounds the integral issue of Donna's residence, Guam's jurisdictional authority over certain claims may be duly questioned as residence is a threshold matter to obtaining proper a judgment of divorce. Thus, the Court finds Brett's Motion for Leave is not futile and should be granted.

### ii. Donna is not a Guam resident under the statute's plain meaning and legislative intent.

Donna argues she satisfies Guam's residency requirements for divorce as she had begun residing on Guam since October 15, 2019 and planned to live there indefinitely. Opp'n Dismiss at 2;

---

[5] See First Hawaiian Bank, 2007 Guam 2 ¶ 9 (stating in motions for leave, well-pleaded factual allegations are viewed in the light most favorable to the pleading party).
[6] See Compl. at ¶ 3; Ex. A; Ex. B; Opp'n Dismiss at 2-3; Opp'n Leave at 1; and Donna Decl. at ¶ 3 (Feb. 24).

Opp'n Leave at 2. The Court disagrees. Guam's divorce law requires residence for a minimum of ninety-days; this period must immediately precede the filing of the divorce complaint. 19 GCA § 8318. In addition to this, physical presence in Guam for ninety-days immediately prior to filing the complaint creates a conclusive presumption of residency. 19 GCA § 8319. Here, Donna's Complaint was filed on October 22, 2019. Ninety continuous days preceding this date would be July 24, 2019. Relying on Donna's submitted facts, October 15, 2019– her averred date of residence– is a fairly inaccurate estimation of ninety-days. As previously argued, even without Brett's proposed supplements, it appears Donna alone demonstrates that she does not satisfy Guam's residence statute for divorce. Under Section 8319, courts are required to make factual findings of residency for all matters of divorce in order to establish jurisdiction. Here, the Court finds Donna has failed to adequately plead and prove her compliance with Guam's divorce statute; thus, Donna is not a resident of Guam.

A review of Donna's pleadings suggest she has fundamentally misapplied and misinterpreted a comma in Section 8318 which deals with residency for divorce.[7] For this reason, while the Court believes a plain reading of the statute affirms the ninety-day time period precedes *only* the filing of the divorce complaint, statutory construction of Sections 8318 and 8319 will be addressed.

Common law rules of statutory construction govern the interpretation of Guam's code. 1 GCA § 700. People v. Quichocho affirms "statutory construction is well-settled. If a statute is unambiguous, then judicial inquiry is complete." 1997 Guam 13 ¶ 5 (citing Rubin v. United States, 449 U.S. 424, 430 (1981). Ambiguity is determined by examining a statute's plain language and structure as a whole, this includes the statute's object and policy. Guam Greyhound, Inc. v. Brizill, 2008 Guam 13 ¶ 29 (citations omitted). Hotels of Marianas, Inc. v. Gov't of Guam, 71 F.Supp. 3d 1455, 1459 (9th Cir. 1995).

As a cardinal rule, a court must first turn to the language of the statute itself to decipher its meaning. Sumitomo Const., Co. Ltd. v. Gov't of Guam, 2001 Guam 23 ¶ 17. If the language is plain and clear, the statute is deemed unambiguous, thus affirming its plain meaning. Id. at 17. Jones v. Ingling, 191 F.Supp. 559 ¶ 562. However, should ambiguity exist, inquiry turns to the statute's

---

[7] Although the comma's placement is unorthodox, a review of the legislative records reveal it is likely a remnant of numerous legislative amendments.

legislative history to ascertain its intent. <u>People v. Xo Isi John</u>, 2016 Guam 41 ¶ 55 (citations omitted). <u>See</u> <u>People v. Angoco</u>, 1998 Guam 10 ¶ 6 (stating extrinsic materials are not necessary for unambiguous statutes). Common law affirms legislative intent controls the analysis of the statute; thus, any interpretation of the code must correspond. <u>Guam Bowling Ctr. Inc. v. Ingling</u>, 188 F.Supp. 104, 105 (D. Guam 1960).

Donna interprets Section 8318 to include two separate time periods that would satisfy Guam's ninety-day residency requirement: (1) the ninety-day time period that precede the *filing* for divorce and (2) the ninety-day time period that precede the *entry* of divorce. <u>See</u> Opp'n Dismiss at 2-3.[8] The Court disagrees. Instead, it finds a plain reading of the statute indicates "ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage" are the same date. In other words, "filing of a complaint for divorce" and "dissolution of marriage" are not separate dates because they are separated by a comma. <u>See</u> 19 GCA § 8318. <u>See also</u> § 8319. This interpretation corroborates with the legislative history and intent of *I Liheslaturan Guåhan.*[9]

While the Court believes a plain reading of the statute affirms the ninety-day time period precedes only the filing of the divorce complaint, Donna's emphasis on "at least ninety (90) days immediately preceding the filing of a complaint for divorce, *or dissolution*" leads this Court to believe ambiguity lies in the placement of the comma. <u>See</u> Opp'n Dismiss 2-3. Therefore, the Court turns to legislative history to ascertain the intent of the statute. A comparison of the current statute to its previous amendments reveals the legislature's intent to curb the influx of non-residents from filing divorce actions on Guam. <u>See</u> P.L. 27-129:1, Committee Report at 1-3 (Nov. 18, 2004). The legislature was concerned that Guam would gain unfavorable reputations, such as "divorce haven" or courts of incompetent jurisdiction. <u>Id.</u> at 2-3. Hence, the amendments sought to restrict access in order to preserve integrity, thus balancing Guam's economic interest with individual rights. <u>Id.</u>

*I Liheslaturan Guåhan's* intent is evidenced by the various amendments made to Sections 8318 and 8319. Numerous repeals and revisions of these sections exhibited a continuing trend to restrict access to Guam courts for non-residents that have never stepped foot on Guam. Initially in

---

[8] "In this case, [Donna] would be residing in Guam for at least ninety days on January 15, 2019[sic]. Because the next hearing is scheduled for January 16, 2019[sic], and such dissolution of marriage would not be Ordered prior to such date, [Donna] satisfies the residency requirement and the Court has jurisdiction of the matter." Opp'n Dismiss at 2-3.
[9] <u>See</u> Public Laws ("P.L.") P.L. 13-165:3; P.L. 17-81:26; P.L. 19-34:28; P.L. 27-129:1; and P.L. 28-093:2.

1976, divorce only required the plaintiff's residence on Guam for ninety-days prior to "the commencement of the action." P.L. 13-165:3 (1976). Then in 1984, Guam relaxed its residency requirements for divorce and allowed a multitude of methods to establish residency for divorce on Guam. See P.L. 17-81:26-27 (1984). This public law also first introduced the conclusive presumption of residency which was formed through physical presence in Guam for ninety-days before "the commencement of the action or next preceding the entry of the final decree of divorce." Id. This public law was the first revision using the divorce entry date as a benchmark for residency. Id. Then in 1988, the sections faced stricter residency requirements for the first time, the ninety-day time period was now mandated for residency. See P.L. 19-34:28 (1988). The entry of divorce date was removed from Section 128; however, it still remained in all other sections. Intentional or not, a reading of the entire statute appeared to create conflicting provisions for establishing residency. See P.L. 19-34:28. Then in 2004, the statutes' Committee Report contained the following passage:

> SYNOPSIS OF BILL. [The current public law P.L. 27-129:1] would amend [the previous public law P.L. 19-34:28] by eliminating the provisions of current law, which allow non-residents to file for divorce in the Courts of Guam. Physical presence by one of the parties in Guam for a period of ninety days prior to filing of the action for divorce or dissolution of the marriage shall be required with its passage.
> /

P.L. 27-129:1 (2004). This is the first direct statement regarding *I Liheslaturan Guåhan's* intent in amending Guam's divorce statutes. The Committee Report stated the purpose of the amendment was to prevent non-residents from obtaining jurisdiction for domestic disputes in Guam courts. Id. They accomplished this by removing the provision that permitted non-residents to waive jurisdiction which would then allow courts to grant divorces regardless of one's residency status. Id. However, Section 8319 (formerly § 128) was not included in this public law, therefore no amendments were made to these remaining sections still using the divorce entry date. See P.L. 27-129:1. Yet, the strongest evidence of *I Liheslaturan Guåhan's* intent were the amendments made in 2005, the current statute. The 2005 Committee Report showcased the proposed amendment to Section 8319, which was the last provision still using the divorce entry end. Section 129 was amended to Section 8319 and redacted as follows:

> § 8319. Residence, no presumption of jurisdiction. . . . Physical presence in Guam for ninety (90) days next preceding the commencement of the action or next preceding the entry of the final decree of divorce shall give rise to a conclusive

presumption of residence in Guam as required by Section 128 of the Civil Code of Guam.

/

P.L. 28-093:1-2 (2005).

Reading the statute and its revisions as a whole, Donna's argument clearly diverges from the statute's legislative history and intent. It is apparent the legislature no longer supported the use of the divorce entry date as the end of the mandatory ninety-day time period. Not only was there a trend of increasing restrictions, the use of the divorce entry date was gradually erased as more revisions were made. Thus, Donna's assertions of residency fail as she has misinterpreted and misapplied the law. Therefore, the Court finds Donna is not a resident of Guam in compliance with the divorce statute.

Absent a prohibition otherwise, a Motion for Leave to Supplement should be granted at the court's discretion. Lujan, 2018 Guam 27 ¶¶ 11-12 (citations omitted). Brett's Motion for Leave is hardly futile; it instead raises an integral and dispositive issue before the Court: whether Guam has proper jurisdiction over the domestic dispute brought by Donna. "[A] court must analyze the proposed amendment [or supplement] as if it were before the court on a motion to dismiss." Lujan, 2018 Guam 27 ¶ 13 (citations omitted). Not only has Brett disproven futility of his Motion, the totality of the circumstances also support his Motion to Dismiss. A finding of jurisdiction is based on facts, not legal presumptions. Because Donna has failed to adequately plead and prove her claims of residence on Guam, the Court finds it does not have proper jurisdiction over the parties and therefore cannot rule on her domestic matter.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing conclusions, the Court hereby **GRANTS** Defendant Brett Kenneth Cartwright's Motion for Leave and Motion to Dismiss.

*FURTHER PROCEEDINGS RE: JUDGMENT: 7/09/2020 @ 10:00 am*

**SO ORDERED** this ___11th___ day of May 2020.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam